AO 91
Rev. 11/82



# CRIMINAL COMPLAINT

| UNITED STATES DISTRICT COURT | CENTRAL DISTRICT OF CALIFORNIA |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br><br>JOSE LUIS ESTRADA CARRILLO,<br>aka "Jose Luis Carrillo Estrada," aka "Jose Luis Estrada,"aka "James Luis Carrillo," | MAGISTRATE'S CASE NO.<br><br>**09-0981M** |

Complaint for violation of Title 8, United States Code §§ 1326(a), (b)(2): Illegal Alien Found in the United States Following Deportation.

| NAME OF MAGISTRATE JUDGE<br><br>**HON. FREDERICK MUMM** | UNITED STATES MAGISTRATE JUDGE | LOCATION<br><br>Los Angeles, CA |
|---|---|---|

| DATE OF OFFENSE<br><br>January 2, 2009 | PLACE OF OFFENSE<br><br>Los Angeles County | ADDRESS OF ACCUSED (IF KNOWN) |
|---|---|---|

COMPLAINANT'S STATEMENT OF FACTS CONSTITUTING THE OFFENSE OR VIOLATION:

FILED
CLERK, U.S. DISTRICT COURT

MAY 1 2 2009

CENTRAL DISTRICT OF CALIFORNIA

   On or about January 2, 2009, defendant JOSE LUIS ESTRADA CARRILLO, also known as ("aka") Jose Luis Carrillo Estrada," aka "Jose Luis Estrada," aka "James Luis Carrillo," an alien who had been officially deported and removed from the United States on or about October 23, 2005, June 3, 2005, February 17, 2005, December 30, 2004, and June 5, 2001, was found in Los Angeles County, within the Central District of California, after knowingly and voluntarily re-entering and remaining in the United States without having obtained permission from the Attorney General or his designated successor, the Secretary of Homeland Security, to reapply for admission to the United States following defendant's deportation and removal.

   At least one of defendant's previously alleged deportations and removals from the United States occurred subsequent to defendant's conviction for the following crimes of violence: (1)Assault with a Deadly Weapon/Instrument, in violation of California Penal Code Section 245(A)(1), on or about June 8, 1999, in the Superior Court of the State of California, County of Los Angeles, Case Number BA184494, a crime of violence for which defendant was sentenced to 365 days imprisonment; and (2) Assault with a Deadly Weapon/Instrument, in violation of California Penal Code Section 245(A)(1), on or about February 20, 2009, in the Superior Court of California, County of Los Angeles, Case Number BA350965, a crime of violence for which defendant received a sentence of two-hundred and seventy days imprisonment.

BASIS OF COMPLAINANT'S CHARGE AGAINST THE ACCUSED:
   (See attached affidavit which is incorporated as part of this Complaint)

MATERIAL WITNESSES IN RELATION TO THIS CHARGE:

| Being duly sworn, I declare that the foregoing is true and correct to the best of my knowledge. | SIGNATURE OF COMPLAINANT<br><br>STEVE COSSETTINI |
|---|---|
| | OFFICIAL TITLE<br><br>Deportation Officer - ICE |

Sworn to before me and subscribed in my presence,

| SIGNATURE OF MAGISTRATE JUDGE(1) | DATE<br><br>May 12, 2009 |
|---|---|

1) See Federal Rules of Criminal Procedure rules 3 and 54.
SAUSA:  ROBERT RABBANI   REC: DETENTION

## A F F I D A V I T

I, Steven Cossettini, being duly sworn, do hereby depose and say:

1.     I am a Deportation Officer ("DO") with the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). I have been employed as an Immigration Officer with ICE, formerly known as the Immigration and Naturalization Service ("INS"), since June, 1996. I have been a DO with ICE since August, 1997. I am currently assigned to the Los Angeles Field Office.

2.     This affidavit is made in support of a criminal complaint against JOSE LUIS ESTRADA CARRILLO ("ESTRADA"), also known as ("aka") "Jose Luis Carrillo Estrada," aka "Jose Luis Estrada," aka "James Luis Carrillo," charging him with violating Title 8, United States Code, Sections 1326(a) and (b)(2): Illegal Alien Found in the United States Following Deportation. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from other law enforcement agents and witnesses. This affidavit is intended to show that there is probable cause for the requested complaint and does not purport to set forth all of my knowledge of, or investigation into this matter.

3.     On April 14, 2009, while conducting routine checks of aliens in custody at the Los Angeles County Jail ("LACJ"), I

leaned that ESTRADA, a previously deported criminal alien, was present in the United States and in LACJ custody. Based on this discovery, I undertook the present investigation of ESTRADA.

4. Based on my training and experience, I know that a DHS "A-File" is a file in which all immigration records are maintained for aliens admitted to or found in the United States. I also know that a DHS A-File usually contains photographs, fingerprints, court records of conviction, and all records relating to deportation or other actions by DHS (or INS) with respect to the subject alien for whom the DHS A-File is maintained.

5. On May 1, 2009, I reviewed DHS A-File A78-191-537, which is maintained for the subject alien "Jose Luis Estrada Carrillo." The A-File contained, among other things, the following documents and information:

a. Photographs of the alien subject to whom DHS A-File A78-191-537 corresponds. I compared these photographs to the Los Angeles Police Department ("LAPD") booking photographs of ESTRADA taken on or about January 1, 2009. These photographs depict the same person. Thus, I determined that DHS A-File A78-191-537 and its contents correspond to ESTRADA. The LAPD booking photographs also reveal that ESTRADA has the words "White Fence" tattooed on his abdomen, indicating his membership in the "White Fence" street gang in Los Angeles, CA.

b.    A DHS Detainer (Form I-247), dated January 2, 2009. From this detainer and my training and experience, I am able to determine that ICE Special Agent ("SA") Louise M. Miller was notified by the Los Angeles County Sheriffs Department that ESTRADA was in custody at LACJ.  ESTRADA was arrested on December 31, 2008 for Assault with a Deadly Weapon Not Firearm: Great Bodily Injury Likely, in violation of California Penal Code Section 245(A)(1).  As a result of the detainer being placed by SA Miller, ESTRADA was released to ICE custody on or about May 11, 2009.

c.    Five executed Warrants of Removal/Deportation indicating that ESTRADA was officially removed and deported from the United States on June 5, 2001, December 30, 2004, February 17, 2005, June 3, 2005, and again on October 23, 2005. I know from my training and experience that a Warrant of Removal/Deportation is executed each time a subject alien is removed and deported from the United States by ICE (and its predecessor agency, INS) and usually contains the subject's photograph, signature, and/or fingerprint. The executed Warrants of Removal/Deportation in ESTRADA'S A-File contain his photograph, signature, and a fingerprint.

d.    A certified copy of conviction record showing that ESTRADA was convicted on June 8, 1999, of Assault with a Deadly Weapon/Instrument, in violation of California Penal Code Section

3

245(A)(1), in the Superior Court of the State of California,
County of Los Angeles, Case Number BA184494. For this offense,
ESTRADA was sentenced to 365 days in jail.

      e.  Records indicating additional criminal convictions.
These records indicate that on February 20, 2009, ESTRADA was
convicted of Assault with a Deadly Weapon Not Firearm: Great
Bodily Injury Likely, in violation of California Penal Code
Section 245(A)(1), Case Number BA350965; and on September 10,
2007, of Battery, in violation of California Penal Code Section
242; and on December 16, 2004, of Threaten Crime with Intent to
Terrorize, in violation of California Penal Code Section 422; and
on May 11, 2000, of Possession of a Narcotic Controlled
Substance, in violation of California Penal Code Section
11350(A); and on May 19, 1998, of two counts of Inflicting
Corporal Injury on Spouse/Cohabitant, in violation of California
Penal Code Section 273.5(A), and one count of Battery on
Noncohabitant Former Spouse, in violation of California Penal
Code Section 243(E).

      f.  Various documents, in addition to the Warrants of
Removal/Deportation, indicating that ESTRADA is a native and
citizen of Mexico. These documents include: (i) a Summary Order
of the Immigration Judge, dated May 31, 2001, in which ESTRADA
was ordered removed to Mexico, and (ii) a Summary Order of the
Immigration Judge, dated December 29, 2004, in which ESTRADA was

4

ordered removed to Mexico, and (iii) a Summary Order of the Immigration Judge, dated February 17, 2005, in which ESTRADA was ordered removed to Mexico, and (iv) a Summary Order of the Immigration Judge, dated June 2, 2005, in which ESTRADA was ordered removed to Mexico, and (v) a Record of Sworn Statement in Proceedings, dated October 23, 2005, in which ESTRADA states that he is a native and citizen of Mexico.

6.     On May 1, 2009, I reviewed the printouts of the Criminal Identification Index ("CII") and the Consolidated Criminal History Reporting System ("CCHRS").  Based on my training and experience, I know that the CII and CCHRS databases track and record arrests and convictions of individuals according to an individual's CII number.  The CII and CCHRS printouts confirmed that ESTRADA had been convicted of the crimes reflected in the documents contained in ESTRADA'S DHS A-File.

7.     On May 1, 2009, I reviewed the printouts of ICE computer indices on ESTRADA.  Based on my training and experience, I know that the ICE computer indices track and document each time an alien is deported from the United States by ICE (or INS) or is granted permission to enter or re-enter the United States.  The ICE computer indices confirmed that ESTRADA had been removed and deported on or about the dates indicated on the Warrants of Removal/Deportation found in ESTRADA'S DHS A-File.  The ICE computer indices further indicated that ESTRADA

had not applied for or obtained permission from the Attorney General or his designated successor, the Secretary of Homeland Security, to re-enter the United States legally since ESTRADA had last been deported.

8.    Based on my review of ESTRADA'S DHS A-File, I determined that his A-File does not contain any record of him ever applying for, or receiving permission from, the Attorney General or his designated successor, the Secretary of Homeland Security, to legally re-enter the United States.  Based on my training and experience, I know that such documentation is required to re-enter the United States legally after deportation, and that if such documentation existed, it would ordinarily be found in ESTRADA'S DHS A-File.

9.    Based on the foregoing facts, there is probable cause to believe that ESTRADA has violated Title 8, United States Code, Sections 1326(a) and (b)(2): Illegal Alien Found in the United States Following Deportation.

Steven Cossettini
Deportation Officer - ICE

Subscribed and sworn to before me

on this /2th day of May, 2009.

UNITED STATES MAGISTRATE JUDGE

6